This is an action against the defendant as Dairy and Food Commissioner of the State of Ohio, and in their petition, the *281 plaintiffs allege in substance : That, they are and have been for many years refiners and manufacturers of a certain quality of vinegar, manufactured from corn, rye and malt, and containing no other drugs, chemical adulteration or ingredient, save and except burned sugar, which is used to impart to said vinegar so distilled a color other than the color of said vinegar as it comes from the still; they have for many years sold this vinegar in the State of Ohio, under a brand established by them, and known to the trade generally as “ Williams Bros, and Charbonneau’s Amber Colored Table Vinegar ” ; said vinegar is absolutely pure and harmless, and contains no preparation of lead, copper, sulphuric acid or any other ingredient injurious to health, and is a useful, valuable, healthful and economical food product, and they have a large, profitable and continually increasing trade in said vinegar throughout the State; they have- never offered this vinegar for sale to any person except as vinegar distilled from corn, rye and malt, and all persons dealing with them have been so advised; the defendant in his official capacity claiming to act under the laws of Ohio, is about .to issue and publish a circular declaring publicly to all citizens and merchants throughout the state, that the vinegar so manufactured by plaintiffs is manufactured and sold in. violation of the laws of Ohio ; and that all persons selling and dealing in the same are subject to punishment therefor under the laws of this state, and thereby their trade will be wholly destroyed. A supplemental petition alleges in substance, that defendant is about to print, publish and circulate Gopies of the petition filed in this case, and cause his agents to arrest all persons dealing in this vinegar, for the reason that the petition admits that it is unlawful under the laws of this state to manufacture or sell said vinegar; and both petition and supplemental petition pray that the defendant may be restrained from committing the threatened injuries to plaintiffs and their business.
*282 A motion has been filed in this court for the allowance of a temporary inj unction pending the hearing of the case upon its merits, and the defendant claims that the allegations of the petition and supplemental petition do not entitle the plaintiffs to such injunction. It is claimed on behalf of the plaintiffs that if the statute is valid, the defendant has no authority to print, publish and circulate the papers described in the petition and supplemental petition. By the act of April 16, 1892 (89 O.-L. 359), the Dairy and Food Commissioner is “ charged with the enforcement of all laws against fraud and adulteration or impurities in food, drinks or drugs in the state of Ohio ”; and he is authorized “ to employ such experts, chemists, agents, inspectors and counsel as may by him be deerred necessary for the proper enforcement of the laws.” Thus the duty is put upon him to enforce the laws designated, and power is given him to obtain all necessary information as to whether the laws have been violated, by the proper inspection and analysis of the food, drinks or drugs supposed to be fraudulent, impure or adulterated. Having thus obtained the necessary information, an examination of the law will advise him' of his duty. That duty is defined by statute (Revised Statutes, 7458-17) as the prosecution of all persons who “manufacture for sale, or knowingly offer for sale or have in their possession with intent to sell, vinegar found uponproper lest to contain any preparation of lead, copper, sulphuric acid or other ingredients injurious to health, or containing artificial coloring matter.” It seems to us that it is eminently proper that the defendant should advise those who may deal in this article of the result of a proper test of the same, or of the admissions of the manufacturers that it is ^uch vinegar as is prohibited by the statute, so as to charge them with that knowledge which the statute makes essential to its violation. How he shall do this must be left largely to his discretion, and the method‘the plaintiffs allege he is about to pursue in this case, does not seem to us either improper or illegal.
*283 The plaintiffs further claim that the second section of the act to prevent the adulteration of vinegar (Revised Statutes, 7458-17), under which the defendant seeks to prohibit the sale of their vinegar in' the state, is unconstitutional, because it violates the provisions of section 19 of the Bill of Rights.
We have already given the statute in full, and the only claim made by the defendant, and this is admitted by the plaintiff, is that plaintiffs’ vinegar contains artificial coloring matter. The claim made by the plaintiffs seems to wholly ignore one provision of this section of the Bill of Rights. While private property is ever to be held inviolate it must be held subservient to the public welfare. The legislative power of this state is by the constitution, vested in' a general assembly consisting of a senate and house of representatives. Included in this general grant of legislative power is what is termed the police power of the state, and we think this statute is constitutional as a legitimate exercise of the police power possessed by the legislature. The questions made have frequently arisen in cases involving a similar inquiry, and we think the authorities support the rule laid down by Colt, J., in Watertown v. Mayo, 16 Pick. 315, at page 318, as follows: “ Laws passed in the legitimate exercise of the police power, are not obnoxious to constitutional provisions, although in some measure interfering with private rights, merely because they do not provide compensation to the individual whose liberty is restrained. He is presumed to be rewarded by the common benefits secured. Exposure to danger is itself an injury.”
And the extent to which it can be exercised is correctly stated by Redfield, J., in 27 Ver. 149, as “to the protection of the lives, limbs, health, comfort and quiet of all persons and the protection of all property within the state * * * and by which persons and property are subjected to all kinds of restraints and burdens, in order to secure the general comfort, health and prosperity of the state.”
Outhwaite, Linn, MeNaghten & Qumble, attorneys for plaintiff.
J. K. Riehards, AtCy Gen’l, and Nash & Lentz, for defendant.
The purpose of this statute, as shown by its language, as well as by an examination of the history of this legislation, was to prohibit not only the manufacturing for sale, etc., any vinegar containing certain substances, but also any vinegar “containing artificial coloring matter.” That this artificial coloring matter is not injurious to health is immaterial in this inquiry, is, we think, settled in this state in the case of Palmer v. State, 39 Ohio St. 236, 239. And we do not think the decision in People v. Marx, 99 N. Y. 377, without regard to the numerous cases holding exactly the contrary doctrine, is helpful in this case. Under this statute there is no prohibition of the sale of vinegars, as there was in that case of oleomargarine. The sale of such vinegars in their original’eolor, provided they do not contain the substances named, is perfectly legitimate, and in the case of People v. Marx,, at p. 383, it was held that if the substance so manufactured might deceive the purchaser, its prohibition would be legitimate.
We do not think it was necessary for the legislature to set forth at length its reason for passing this statute; it is sufficient that they have said that these vinegars must not be colored, and this is clearly, as said by Upson, J., in Palmer v. State, 39 Ohio St. 239, that “ those who buy may know exactly what they buy, and have the means of judging for themselves as to its quality and value.”
As was said in Powell v. Commissioners, 114 Pa. St. 265, and in the same case in 127 U. S. 678, “ the public is entitled to distinguish an article of food for what it is.”
Many more authorities to the same effect might be cited, but we deem it unnecessary. The motion will be overruled.